J-A08025-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN M. MARION | : | |
| | : | |
| Appellant | : | No. 2835 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 20, 2023
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-CR-0002666-2022

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 28, 2025**

John M. Marion appeals from the judgment of sentence entered following his convictions on two counts of aggravated assault. ***See*** 18 Pa.C.S.A. § 2702(a)(1) and (a)(4). Marion's counsel has filed an application for leave to withdraw and an ***Anders*** brief. ***See Anders v. California***, 386 U.S. 738 (1967). We affirm the judgment of sentence and grant counsel leave to withdraw.

A jury convicted Marion of two counts of aggravated assault for striking the victim in the head with a metal baseball bat during a family cookout. The court sentenced Marion to an aggregate of 120 to 240 months' incarceration.

Marion filed a notice of appeal. The court directed him to file a concise statement of errors. ***See*** Pa.R.A.P. 1925(b). Marion filed a timely statement of errors, *pro se*, raising the following issues:

1) Whether the issuing authority erred when during defendant's informal arraignment defendant requested the assistance of counsel, but issuing authority failed to provide counsel for over 60 days after the arrest.

2) Whether the trial court erred when defendant brought to its attention many serious deficiencies of defendant's counsel by means of numerous motions and letters, but trial court failed to provide any corrective measures.

3) Whether issuing authority erred when it failed to provide defendant with a Preliminary Hearing to establish probable cause.

4) Whether trial court erred when it scheduled a pretrial conference for a specified day, but then proceeded to hold trial on this day in absentia.

5) Whether sentencing court erred when it used prior conviction records to both aggravate the sentencing range and as factor in defendant[']s gravity score.

6) Whether the trial court erred by not allowing justification defense under 18 Pa.C.S. § 505 or castle doctrine defense at trial.

7) Whether the trial court erred in allowing conviction of 2 lesser included charges for same act or occurrence.

8) Whether the very extreme neglect and deficiency of defendant[']s court appointed attorney, which includes but is not limited to:

   a) Failure to communicate with defendant

   b) Failure to offer evidence of text messages and witness testimony to establish justification defense or any defense at all at trial

   c) Failure to pursue discovery and offer evidence exonerating defendant at trial.

9) Whether trial court erred in allowing charges to be tried, and convicted of, that were not accused in formal complaint before trial.

10) Whether the trial court erred in failing to bring defendant to trial within 180 days as required under Pennsylvania law.

*Pro Se* Concise Statement of Errors, 11/14/23, at 1-3. Counsel filed a statement of his intent to file an **Anders** brief in lieu of a concise statement of errors. **See** Pa.R.A.P. 1925(c)(4). The trial court thereafter filed a Rule 1925(a) opinion, discussing the issues Marion set forth in his *pro se* statement of errors and finding them meritless.

A second attorney from the Office of the Public Defender of Northampton County has since entered her appearance on Marion's behalf. As stated above, Marion's counsel has filed an **Anders** brief and an application for leave to withdraw.[1] We must assess the adequacy of the withdrawal request before considering any substantive issues. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*).

Counsel petitioning on direct appeal to withdraw from representation must file an **Anders** brief that

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Commonwealth v. Dempster**, 187 A.3d 266, 270 (Pa.Super. 2018) (*en banc*) (quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009)). Counsel must also file an application to withdraw stating that counsel "has

_____

[1] While submitted by only the latter attorney, the petition asks this Court to grant both attorneys leave to withdraw.

- 3 -

made a conscientious examination of the record and determined that the appeal would be frivolous." *Id.* Counsel must furnish the appellant with a copy of the ***Anders*** brief and advise the appellant of the right to proceed *pro se* or to retain different counsel. *Id.* If counsel has fulfilled these requirements, we will conduct our own review of the certified record "to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Id.* at 272.

Here, counsel's bare-bones application for leave to withdraw does not state that counsel has reviewed Marion's case, determined that the appeal is frivolous, submitted an ***Anders*** brief, or advised Marion regarding his right to proceed with the appeal *pro se* or to retain different counsel.

However, in the ***Anders*** brief, counsel avers that she conducted a thorough review of Marion's case. ***See Anders*** Br. at 17-18. Counsel also summarizes the facts of the case and its procedural history, identifies the issues Marion raised in his *pro se* concise statement of errors, and discusses why counsel concludes the appeal is frivolous. Counsel avers that she sent Marion a copy of the ***Anders*** brief and a letter advising him of his right to proceed *pro se* or through new counsel. ***See id.*** at 14-15, 18. A copy of the letter is attached to the ***Anders*** brief. ***See id.*** at Ex. B. The letter states it has enclosed copies of both the application for leave to withdraw and the ***Anders*** brief. The letter advises Marion of his right to hire new counsel or file a supplemental brief *pro se*. To date, Marion has not filed a response.

We find counsel's application to withdraw and **Anders** brief, in combination, satisfy the requirements for a request for leave to withdraw. We therefore turn to our own review of the record to see if we discern any issues of arguable merit.

We begin with the issues Marion included in his *pro se* concise statement of errors. The bulk of these issues are waived because Marion did not raise them in the trial court. **See** Pa.R.A.P. 302(a) (stating general rule that "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal"). These include Issues 1 (initial appointment of counsel), 3 (preliminary hearing), 4 (trial in absentia), 5 (calculation of prior record score/sentencing guidelines), 9 (amendment of information), and 10 (Rule 600). **See** Trial Court Opinion, filed 12/11/23, at 2, 4, 5, 7, and 8. There is no reasonable basis on which to argue waived issues.

Issues 2 and 8 raise allegations that trial counsel was ineffective. "Except in limited, identified circumstances, claims of ineffective assistance of counsel are to be deferred to PCRA review." **Commonwealth v. Stefanowicz**, 315 A.3d 162, 172 (Pa.Super. 2024) (internal quotation marks and citation omitted). Immediate review is only proper

> (i) in extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; (ii) where the defendant asserts multiple ineffective assistance claims, shows good cause for direct review of those claims, and expressly waives his entitlement to PCRA review before the trial court; and (iii) where the defendant is statutorily precluded from obtaining subsequent PCRA review.

*Commonwealth v. Rosenthal*, 233 A.3d 880, 887 (Pa.Super. 2020) (quotation marks and citations omitted).

None of these exceptions apply here. Marion is not statutorily precluded from seeking PCRA review, has not waived his right to PCRA relief, and none of his claims of ineffectiveness is so apparent on the face of the record as to warrant a remand. There is no arguable merit to presenting these claims on direct appeal.

In Issue 6, Marion complains the court erred in refusing to give a self-defense instruction. However, when requesting the self-defense instruction, Marion's counsel conceded that the only evidence supporting the instruction was Marion's proffered testimony, and Marion failed to appear for trial. *See* N.T., 6/5/23, at 122-24.; Trial Ct. Op. at 5-6. By failing to appear at trial and testify in support of his self-defense claim, Marion failed to present any evidence to support such a claim. As a result, there is no evidentiary basis on which to base a claim for a self-defense instruction. *See Commonwealth v. Saylor*, 308 A.3d 869, 876 (Pa.Super.) ("When a defendant requests a self-defense instruction, the trial court must give the instruction only if there is some evidence, from whatever source, to support such an instruction"), *appeal denied*, 321 A.3d 863 (Pa. 2024). This issue has no arguable merit.

Finally, in Issue 7, Marion contends the court erred in imposing two sentences when one of his convictions was a lesser-included-offense of the other. Whether two offenses merge for sentencing purposes is a question which implicates the legality of the sentence, and it may be raised for the first

time on appeal. ***Commonwealth v. Edwards***, 256 A.3d 1130, 1136 (Pa. 2021). "[O]ur standard of review is *de novo* and our scope of review is plenary." ***Id.***

Marion was convicted of two separate subsections of the aggravated assault statute: (a)(1) and (a)(4). ***See*** 18 Pa.C.S.A. § 2702(a)(1), (a)(4). These subsections do not have the same statutory elements, and do not merge for sentencing. ***See Commonwealth v. Rhoades***, 8 A.3d 912, 918 (Pa.Super. 2010) (denying merger argument because subsections (a)(1) and (a)(4) do not share identical statutory elements). There is no reasonable basis in the law to argue this issue.

In conclusion, the issues Marion wishes to raise have no arguable merit. Our independent review discloses no other, non-frivolous issues. We therefore agree with counsel's assessment that the appeal is wholly frivolous. We affirm the judgment of sentence and grant counsel's application for leave to withdraw.

Judgment of sentence affirmed. Application for leave to withdraw granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/28/2025